UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gregory E. Harris,                                          Case No. 3:14 CV 2448

                         Plaintiff,                        JUDGE JAMES G. CARR

              v.
                                                           <u>OPINION AND ORDER</u>
City of Toledo, *et al.*,

                         Defendants.

*Pro se* Plaintiff Gregory E. Harris filed the above-captioned action under 42 U.S.C. §§ 1983 and 1985 against the City of Toledo, Toledo Police Officer Jonathon Eischen, and civilian Conchita Smith.  In the Complaint, Plaintiff alleges he was arrested and falsely accused of inducing panic and initiating a false report.  The case against him was dismissed for failure to prosecute when the arresting officer failed to appear in court.  Plaintiff brings claims of malicious prosecution, and conspiracy.  He seeks monetary damages.

## I.  Background

Plaintiff contends that at 5:00 p.m. on January 2, 2014, he went to his friend Tommy's house where he met John Doe.  Doe had been at Tommy's house for two days smoking crack cocaine and owed Tommy $280.00 for the drugs.  Doe indicated he was waiting for money to be placed on his net spend bank card.

Plaintiff then agreed to loan Doe $50.00 to purchase more crack cocaine with the

understanding that Doe would repay him $100.00.  By 6:15 p.m. no money had been put on Doe's

net spend card, and Plaintiff asked Doe how he intended to pay the money he owed him.  Doe

assured Plaintiff he would get the money, but Doe's attempts to solicit money from other friends

were not successful.

At that point, Conchita Smith called Doe on his cell phone.  Doe told her he needed money

and that he could not leave without paying.  She indicated to him that she would be at a particular

store at 7:10 p.m.  Plaintiff indicates he went to the store at 7:30 p.m. and saw two police cars.  He

returned to the apartment and reported what he had seen.  Doe called Smith but she denied calling

the police.  They set up another drop point.  Smith was advised not to call the police.  Doe woke

Plaintiff at 10:30 p.m. and indicated to him that Smith was at the store with the money.  Doe and a

female named Cat walked together to the store, with Plaintiff following a short distance behind

them.  When they reached the store, the police pulled up, jumped out of their cars and arrested Doe

and Cat.

Smith reported to police that Plaintiff threatened to kill her if he did not get his money.  A

complaint was filed against him and probable cause was found to issue a warrant for his arrest on

charges of inducing panic and initiating a false report.  Bond was set at $500.00.  Plaintiff was

arrested on January 22, 2014, and posted bond on January 30, 2014.  The arresting officer conducted

a pat down search of Plaintiff incident to his arrest and discovered drugs on his person.  He turned

down a plea agreement on all charges and was indicted for possession of drugs.  It appears that the

drug charges were tried separately from the charges of inducing panic and initiating a false report.

The arresting officer did not appear for trial on the charges of inducing panic and making a false

report and those charges were dismissed.  Plaintiff was convicted on July 31, 2014 on two counts

of attempted drug trafficking.  He was sentenced to one year and ten months incarceration.

Plaintiff's Complaint contains six counts.  In count one, Plaintiff asserts a claim for malicious prosecution against Eischen alleging he falsely accused him of criminal conduct in a criminal complaint.  Count two contains a claim of conspiracy under 42 U.S.C. § 1985 against Eischen and City of Toledo.  In count three, Plaintiff claims Eischen violated his Sixth and Fourteenth Amendment rights when he did not appear at trial.  Count four is unclear. It appears Plaintiff alleges Eischen recklessly and negligently engaged in malicious prosecution.  Finally, in counts five and six, Plaintiff alleges the City of Toledo is liable for Eischen's actions.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim for

-3-

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III.  Analysis

As an initial matter, Plaintiff fails to identify a federal claim against Conchita Smith and no such claim is apparent on the face of the pleading. None of the six counts listed in the Complaint contain claims asserted against Smith. To meet the basic pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give the Defendant fair notice of what the Plaintiff's claims against her are and the grounds upon which each claim rests. *Bassett v. National Collegiate Athletic Ass'n,* 528 F.3d 426, 437 (6th Cir. 2008). Because Plaintiff does not identify any legal claims he is asserting against Smith and no viable claims are apparent on the face of the Complaint, she is

dismissed from this action.

The remainder of Plaintiff's claims are without merit.  His first and fourth counts contain claims for malicious prosecution against Eischen alleging the officer falsely accused him of engaging in criminal conduct.  To succeed on a malicious prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a Plaintiff must prove four elements. First, the Plaintiff must show that a criminal prosecution was initiated against him and that the Defendant "ma[d]e, influence [d], or participate[d] in the decision to prosecute." *Sykes v. Anderson,* 625 F.3d 294, 308-10 (6th Cir. 2010).  Second, because a § 1983 claim is premised on the violation of a constitutional right, the Plaintiff must show that there was a lack of probable cause for the criminal prosecution.  *Id.*  Third, the Plaintiff must show that, "as a consequence of a legal proceeding," he suffered a "deprivation of liberty," apart from the initial seizure.  *Id.*  Fourth, the criminal proceeding must have been resolved in Plaintiff's favor.  *Id.*

Although the charges against Plaintiff were eventually dismissed for failure to prosecute, Plaintiff fails to establish the other three elements of this claim.  As an initial matter, Plaintiff has not sufficiently alleged Eischen made or participated in making the decision to prosecute him. Eischen took a statement from the victim and used it to author a criminal complaint.  His role beyond this point is unclear.  Plaintiff does not allege facts suggesting Eischen was involved in the case after Plaintiff's arrest.

In addition, Plaintiff fails to satisfy the second element of a malicious prosecution claim by alleging facts to suggest Eischen lacked probable cause to prosecute him.  *Id.*  This is not the same as lacking probable cause for an arrest.  The essential inquiry here is whether there was probable cause to institute a criminal proceeding against the Plaintiff subsequent to his arrest.  *Sykes,* 625

F.3d at 308-10 (6th Cir. 2010).   To support this element of his cause of action, Plaintiff contends he was not guilty of inducing panic.  There is, however, no constitutional guarantee that only the guilty will be arrested and prosecuted.  *Baker v. McCollan*, 443 U.S. 137, 145 (1979). A police officer executing an arrest warrant is not required by the Constitution to investigate independently every claim of innocence by the arrestee, even if that claim is based on mistaken identity or a defense such as lack of requisite intent.  *Baker*, 443 U.S. at 145-46.  Moreover, even an eventual acquittal by a jury, alone, does not suggest lack of probable cause for the prosecution.  At trial, the state is required to prove guilt beyond a reasonable doubt.  That standard is a much higher one to meet than the probable cause standard—a reasonable belief that an offense has been committed and that the criminal defendant committed the crime.  *See Williams v. Kobel*, 789 F.2d 463, 470 (7th Cir. 1986).  In this case, there was no trial or acquittal.  The case was dismissed for lack of prosecution because Eischen did not appear for court.

In this case, the trial court determined that probable cause existed when the criminal complaint was issued.  Plaintiff admits that he is a known drug dealer.  He admits that he assisted Doe with the purchase of drugs by advancing the money to him with the understanding he would be repaid double the amount loaned.  He admits he was involved in the attempt to obtain money from Smith in payment of Doe's drug debt.  He concedes Doe's girlfriend was fearful enough to telephone police, twice, to arrange a sting operation, and she reported to Eischen that Plaintiff threatened to kill her if she did not produce the money.  There are no allegations in the Complaint reasonably suggesting probable cause to prosecute was lacking.  Plaintiff failed to establish the second element of his malicious prosecution claim.

Finally, as the third element of a constitutional malicious prosecution claim, Plaintiff must

-6-

allege he was deprived of liberty as a consequence of the legal proceeding, apart from the initial arrest.  Plaintiff posted bond for these charges shortly after his arraignment.  He does not allege he was detained in jail prior to his conviction after posting bond.  He has not met the third element of his claims.

Furthermore, Plaintiff's malicious prosecution claim appears to be a thinly-veiled collateral attack on his felony conviction on two counts of attempted drug trafficking.  Plaintiff alleges that during his arrest for inducing panic, the officers conducted a pat down search and discovered drugs on Plaintiff's person.  He was then charged with a drug trafficking offense for which he was convicted.  He is currently serving that sentence of one year and ten months.  If his arrest on the inducing panic charge is deemed by this Court to be invalid and without probable cause, then the search incident to arrest would arguably be invalid, and the items found during that search, namely the drugs used to prosecute Plaintiff on felony charges, would potentially be "fruit of the poisonous tree" and be inadmissible at trial.  *See Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963)(supplementing the exclusionary rule by the "fruit of the poisonous tree" doctrine, which bars the admissibility of evidence which police derivatively obtain from an unconstitutional search or seizure).

A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Therefore, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the

Plaintiff would necessarily imply the invalidity of his conviction or sentence.  If it would, the claim must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.  If the district court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed, in the absence of some other bar to the suit.

Although the inducing panic charge was dismissed for lack of prosecution, Plaintiff was convicted of the drug charges.  His claim for malicious prosecution would call into question the search that led to the discovery of the evidence leading to Plaintiff's conviction.  As such, he cannot assert this claim unless his drug conviction is reversed on appeal or is invalidated by a habeas corpus petition.  Plaintiff is still incarcerated on those charges.  This claim is not cognizable in a civil rights action.

In addition, Plaintiff fails to state a claim for relief in count three of his Complaint.  He contends that Eischen violated his Sixth and Fourteenth Amendment rights by failing to show up at trial.  He does not indicate which particular rights guaranteed by these Amendments give rise to his claims.  The Court liberally construes his allegations as an attempt to assert claims for denial of due process and denial of the right to confront witnesses against him.  The charges against Plaintiff were dismissed prior to the start of the trial.  Plaintiff does not explain how these rights were violated in light of the dismissal of the charges.  The claims in count three are dismissed.

In counts five and six, Plaintiff claims the City of Toledo is liable for Eischen's actions because the City employed him, and failed to properly train him.  Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978).  A plaintiff may only hold a local

government entity liable under § 1983 for the entity's own wrongdoing.  *Id*.  A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights.  *Id*.  To satisfy the *Monell* requirements, Plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir. 1993); *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987).  A "municipal policy" includes "'a policy statement, ordinance, regulation, or decision officially adopted and promulgated.'"  *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690).  An actionable "custom," in contrast, "has not received formal approval through ... official decisionmaking channels."  *Id*.  For purposes of *Monell* liability, however, the custom must "be so permanent and well settled as to constitute a custom or usage with the force of law."  *Monell*, 436 U.S. at 691.  The wrongful conduct of a single officer without any policy-making authority, by itself, does not establish municipal policy.  *see also Radvansky*, 395 F.3d at 311.

In this case, Plaintiff attempts to hold the City of Toledo liable for the actions of Officer Eischen stating that the officer "wrote the policy for [the] municipality" by his actions.  There is no indication that Eischen has authority to create policy for the City, nor is there any indication in the Complaint that the City had its own policy or custom and that Eischen acted pursuant to that policy or custom.  Rather, Plaintiff's claim against the City of Toledo is based on a theory of *respondeat superior,* which is not a proper basis for liability in a § 1983 action.

Finally, in count two, Plaintiff asserts a conspiracy claim under 42 U.S.C. § 1985.  To establish a violation of § 1985, Plaintiff must allege facts suggesting the Defendants conspired

together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus.  *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).  A Plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  He must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy.  *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (holding that Plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).  Plaintiff does not allege facts to suggest that any of the Defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by his race or other class-based animus.

## IV.  Conclusion

Accordingly,  this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

  /s/ James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE

---

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.